MR. JUSTICE SHEEHY,
dissenting:
I dissent. This plaintiff is entitled to have a jury determine whether the defendant was liable for her fall on the business premises of the defendant.
It is clear from the evidence here, and it is admitted in the defendant’s brief on appeal that the color of the carpet on the raised portion of the business premises blended with the linoleum on the lower portion of the business premises, the majority have interpreted the plaintiff’s statement that she “just didn’t see it,” as an indication that she did not look to determine the stair was there. It is as easy to interpret the statement to mean that having looked she could not see it because the carpet blended with the linoleum.
The majority decides, as the District Court decided that because the plaintiff had passed over the same step when she went in the opposite direction 45 minutes to one hour earlier, that she had knowledge of the step and therefore knew of its existence on the return trip,, That interpretation establishes a test that goes beyond what might be expected of a reasonably prudent, ordinary person; it is a test for superhumans. I doubt that any of us could remember in detail the elevations in a strange business premises one hour after we had passed over the same for the first time.
This woman rose from the hair dryer, and returned to the step at the beckoning of the attendant in the business. She sustained a dangerous fall which injured her and resulted in a fracture to a bone in her ankle because she “just did not see” that the carpet was blended with the linoleum. It *215 "should be a jury decision as to whether she was trapped by these innocent looking premises.
This case should be submitted to the jury on the issue of whether the business operator of the premises should have anticipated the danger lurking in the coloration of the linoleum and the carpet so as to raise a duty to warn customers or alter the premises.
One need only read the majority opinion to realize that a fact issue exists in this case. Most of the majority opinion is an interpretation of the facts, and always against the plaintiff. Interpretation of facts is jury business, not court business.
The probability that plaintiff will not prevail at trial is no justification for granting summary judgment. It may appear that recovery is very remote, but that is not the test. If there is a genuine issue of material fact, summary judgment is not appropriate. Rule 56 (c), M.R.Civ.P.